# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 18-050 (JRT/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| DAVID THOMAS ROUGIER, | |
| Defendant. | |

Erica H. MacDonald, Amber M. Brennan, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Ian S. Birrell, **GASKINS, BENNETT & BIRRELL, LLP**, 333 South Seventh Street, Suite 3000, Minneapolis, MN 55402, for defendant.

In March 2018, Defendant David Rougier was ordered into a halfway house as part of supervised release pending his trial on charges of wire fraud. (Tr. at 4:7-5:6, Aug. 14, 2018, Docket No. 63.) On July 17, 2018, the Court was notified that Rougier had violated multiple rules placed upon him by the halfway house. (*Id*. at 19.) The next day, on July 18, 2018, Rougier pleaded guilty to committing wire fraud. (Plea Agreement at 1, July 18, 2018, Docket No. 49.) During the change of plea hearing the Court emphasized to Rougier the importance of following all halfway house rules, and Rougier was allowed to stay on supervised release. (Tr. at 6:10-22.)

However, less than a week later Rougier committed more rules violations and was expelled from the halfway house. (Order, July 24, 2018, Docket No. 51.) In total, Rougier committed nine rules violations. (*Id.*) United States probation officers subsequently petitioned the Court to revoke his supervised release, and on July 27, 2018, Magistrate Judge Hildy Bowbeer held a revocation hearing. (*Id.*; Revocation and Detention Hr'g, July 27, 2018, Docket No. 57.) The Magistrate Judge found that Rougier's halfway house rules violations violated the conditions of his release. (Order of Detention ¶ 3, July 30, 2018, Docket No. 58.) Moreover, the Magistrate Judge found that he was unlikely to abide by any condition or combination of conditions of release. (*Id.* ¶ 5.) Consequently, he was ordered detained until sentencing. (*Id.* ¶ 7.)

Rougier objected to Magistrate Judge Bowbeer's order pursuant to D. Minn. LR. 72.2, arguing that his halfway house rules violations do not establish that he is a safety risk to the public nor that he is unlikely to abide by alternative conditions of release. (Obj. at 1-2, Aug. 9, 2018, Docket No. 61.) After de novo review of the order and underlying facts pursuant to 28 U.S.C. § 636(b)(1), the Court will deny Rougier's objection.

## DISCUSSION

The Court reviews a Magistrate Judge's revocation decision de novo. *See United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008). Accordingly, the Court must review the record, including the transcript of the hearing held before the Magistrate Judge, and give it meaningful review. *Id.* at 910-11. In this case, because Rougier pleaded guilty while he

was on supervised release, two statutes may apply. Regardless of which statute is applied, Rougier should be detained.

18 U.S.C. § 3143 applies to defendants like Rougier who have pleaded guilty and are awaiting sentencing. Under § 3143(a)(2), a court "shall order that a person . . . awaiting imposition or execution of sentence be detained **unless** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* (emphasis added). In essence, § 3143 creates a presumption of detainment for those awaiting sentencing.

Rougier has not presented clear and convincing evidence that he is unlikely to flee or pose a danger to the community. This determination is based not just on his halfway house rules violations, but also his past conduct. Rougier was first arrested in relation to this wire fraud scheme by state authorities. He pleaded guilty, but failed to show up for his sentencing, and was at large for seven months. Not only did he fail to present himself for sentencing, during his time at large he also contacted one of the victims of his fraud scheme and asked her to increase her investment with him. While Rougier is correct in pointing out that there is little evidence that he presents a physical threat to the community, danger to the community encompasses economic danger as well. *See United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992) ("[D]anger may, at least in some cases, encompass pecuniary or economic harm."). Rougier has not overcome the presumption found in § 3143 that, while awaiting sentencing, defendants should be detained.

18 U.S.C. § 3148, on the other hand, applies to anyone on supervised release, regardless of whether they are awaiting trial or sentencing. Section 3148 says that any

person who is under supervised release and who violates a condition of that release may have his or her release revoked in certain situations. A court "shall enter an order of revocation" if the court finds that there is "clear and convincing evidence that the person has violated any . . . condition of release" and there is either "no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b)(2). If a court finds that a defendant will abide by conditions designed to assure that the defendant "will not flee or pose a danger to the safety of any other[s]," the court shall order those conditions. *Id.*

As to § 3148, it is undisputed that Rougier violated a condition of his release when he committed nine rules violations placed upon him by a halfway house. Thus, he meets the first prong. However, Rougier argues that these rules violations do not establish that he is a danger to the community, a flight risk, or unable to abide by alternative conditions of release.

Once again, the Court bases its determination that Rougier is unable to abide by any conditions placed upon him not just on the halfway house violations, but on his past conduct. Not only did Rougier repeatedly violate the rules of his halfway house, even after the Court reminded him and emphasized the rules' importance, he also has a history of failing to meet basic probation requirements. In 2013, Rougier received a stay of sentence for a DWI offense that would only be imposed if he did not complete probation. He then failed to comply with home monitoring requirements, attend programming, and maintain contact with probation, so his sentence was imposed. In 2014, Rougier received another

-4-

stayed sentence conditioned on completing probation, but once again he failed to set up testing, monitoring, and failed to meet with probation, and his sentence was imposed. Rougier has consistently shown a lack of regard for the rules placed on him, and the Court does not believe that there is any combination of conditions which it could impose that he would abide by.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Rougier's Objection to the Magistrate Judge's Order of Detention [Docket No. 61] is **DENIED**.

DATED: September 14, 2018            ___s/John R. Tunheim__  
at Minneapolis, Minnesota.            JOHN R. TUNHEIM  
                                                                Chief Judge  
                                                   United States District Court